Tony Rollman
Arizona Bar Number 022668
P.O. Box 12730
Scottsdale, AZ 85267
(602) 726-4291
Email: tony@tonyrollmanlaw.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-01613-PHX-DJH |
| Plaintiff, | **DEFENDANT'S MEMORANDUM AT SENTENCING** |
| v. | |
| Jennifer Tavares, | |
| Defendant. | |

I.    Background-Personal History

Jennifer Tavares will be appearing before This Court for the serious mistakes she made that will negatively affect the remainder of her life. On the sentencing date, Jennifer will not have credit for any time in custody. Jennifer has never been arrested and has never been in jail before. While Jennifer has not previously been convicted of a crime, she will now live her life with the terrible stigma of being a convicted felon.  Jennifer was 37 years old when she committed this crime. She is a citizen of the United States and was born in California.

Jennifer suffered child abuse during her formative years at the hand of her

1

stepmother. Even though she and her siblings reported this abuse to her uncle (who

was in loco parentis as both of Jennifer's biological parents were absent throughout

most of her youth), her uncle (and her biological parents) failed to protect Jennifer

and her siblings from this ongoing and brutal abuse. As an adult, she has been

diagnosed with PTSD, anxiety and major depressive disorder.   She has attempted

self harm on frequent occasions and has struggled with her mental health since the

time of her childhood abuse. Her doctors have prescribed, and she benefits from,

medications for her depression and anxiety.  Jennifer complies with the

recommendations of her mental health care providers.

Jennifer has complied with the terms of her pretrial release and has been

obedient to the orders of This Court.

Jennifer admitted responsibility to this crime and is sincerely remorseful for

committing this offense.

II.	At the time of sentencing, it will be This Court's duty to impose a

sentence sufficient, but not greater than necessary, to comply with the

purposes of federal sentencing.

After *United States v. Booker, 543 U.S. 220 (2005)*, the United States

Sentencing Guidelines are no longer binding on This Court.  As long as a

sentencing judge considers the applicable Guideline Range and whether that range

accords with the 18 U.S.C. Section 3553(a) factors, that judge is permitted to

impose any "reasonable" sentence within the statutorily prescribed range.  A

sentence within the applicable Guideline Range is presumed to be "reasonable",

although it is with the court's discretion to determine otherwise. *Rita v. United*

*States, 127 S. Ct. 2456 (2007).*

In *Rita*, the United States Supreme Court clarified that although an appellate

court may apply a presumption of reasonableness to a district court sentence

imposed within a properly calculated Guideline Range, such a presumption does

not apply in the district court. *Rita at 2456.* Specifically, the Supreme Court held

that "In determining the merits of these arguments, the sentencing court does not

enjoy the benefit of a legal presumption that the Guidelines sentence should apply."

*Id. Rita* tells us that a sentencing court is expressly barred from entertaining the

non-binding "presumption" that an appellate court "may" enjoy. Further, a district

court need not say it is applying a presumption in order to be reversed. It may not

say, for example, that it does not see "any reason why the Guidelines sentence isn't

appropriate" in a particular case, or that it cannot sentence below the Guidelines

range unless a defendant has " presented some kind of good reason." *See United*

*States v. Ross,* 501 F.3d 851, 852 (7ᵗʰ Cir. 2007)(reversing based on those

statements).

The application of, and departure from, the advisory Guidelines has been

further clarified by the United States Supreme Court in *Gall v. United States*, 128

S.Ct. 586 (2007). In *Gall*, the Court held that when reviewing the reasonableness

of a sentence outside of the advisory Guideline Range, an appellate court may

consider the degree of the variance from the Guidelines, but no rule requires

"extraordinary" circumstances to justify a sentence outside the Guidelines Range,

nor shall a court engage in any sort of proportionality analysis. *Id.* At 595.

Furthermore, in reviewing a sentence that departs from the recommended

Guidelines Range, the extent of the difference between a particular sentence and the

recommended Guidelines range is relevant, but the appellate court must review all

sentences-whether inside, just outside or significantly outside the Guidelines

Range-under an abuse of discretion standard. *Id.* At 597.  Essentially, *Gall* supports

the proposition that "the sentencing process involves an exercise in judgment, not a

mathematical proof." *United States v. Grossman*, 513 F.3d 592, 596 (6th Cir. 2008).

On the whole, case law has established that the range of available options to

a sentencing court has been significantly broadened.  In fact, a sentencing court

may conclude that a Guidelines Range fails to properly take into considerations the

Section 3553 factors in cases where the Guidelines "do not exemplify the

[Sentencing} Commission's exercise of its characteristic institutional role."

*Kimbrough v. United States,* 128 S.Ct. 558, 570 (2007).

The sentence that the Guidelines advise for Jennifer is unreasonable.  The

total offense level for Jennifer is 10 and her Criminal History Category is I. The

Guidelines would suggest a sentencing range of 6 to 12 months.

Jennifer has never been convicted of a crime and has no criminal history

points. The Sentencing Commission has made a point of rewarding citizens for

living a life of obedience to the law and has established a reduction in offense level

for those who have not accumulated any criminal history points under Section

4C1.1. As a Zero Point Offender, Jennifer's Total Offense Level in Paragraph 23

should be decreased by 2 levels according to Section 4C1.1 of the United States

Sentencing Guidelines, but for the nature of this offense involving firearms.

Accordingly, Defendant's Total Offense Level in Paragraph 23 should be 8, instead

of 10. Based upon a Total Offense Level of 8 and a Criminal History Category of I,

the guideline imprisonment range would be 0 to 6 months.  However, the

undersigned acknowledges that Section 4C1.1 does not permit this 2 point

reduction since the nature of this offense involves a firearm. Jennifer will not

benefit from this two point reduction as a Zero Point Offender due to the exception

listed in Section 4C1.1, despite the fact that she would otherwise qualify.  However,

Jennifer's behavior of obedience to the law for these 37 years is exactly the

behavior that the Sentencing Commission seeks to reward with sentencing

reduction.

Jennifer is a zero point offender and has a Criminal History category of I.

The Sentencing Guidelines Range for a zero point offender is the same for a

defendant who has accumulated one criminal history point, even though their

relative risks of recidivism are not the same.  The U.S. Sentencing  Commission has

promulgated amendments to the federal sentencing guidelines and has carved out a

two level decrease in offense level for zero point offenders under Section 4C1.1 to

allow the courts to reduce the sentences of zero point offenders as they have a

lowered risk of recidivism.  In several recidivism studies, the Commission found

that zero point offenders recidivated far less often than other offenders (27 percent

vs. 42 percent for one point offenders vs. 49 percent overall). See United States

Sentencing Commission Comparison to Previous Retroactive Guideline

Amendments (July 2023) and Recidivism of Federal Offenders Released in 2010

(September 2021). Jennifer is a zero point offender.  The Commission has found

that zero point offenders have a risk of recidivism that is nearly half of the rest of

the defendants sentenced. Therefore, the Criminal History Category I actually

overstates the seriousness of zero point offenders' criminal history and related risk

of recidivism.  Even though Jennifer will not benefit from a two point reduction in

her offense level for being a Zero Point Offender, the Sentencing Commission has

recognized that she has a lower risk of recidivism in comparison to 1 point

offenders in the same criminal history category (and compared to all offenders).

        To punish and deter her, Jennifer will now live with the terrible stigma of

being a felon. Jennifer will face significant obstacles in finding and maintaining

gainful employment as a result of this felony conviction.   Because of this criminal

conviction, Jennifer will very likely be financially punished for the remainder of her

life.

        The 18 U.S.C. Section 3553 factors relevant to this sentencing are:

    (1) The Nature and Circumstances of the Offense

Counsel for the Defendant fully acknowledges the seriousness of this offense but again urges This Court to regard Jennifer as a young woman who has struggled with anxiety and depression after years of abuse and who has no prior criminal arrests or convictions.

The history and characteristics of the Defendant

Jennifer's history and characteristics were previously stated at the beginning of this memorandum under personal history.  In the interest of judicial economy, counsel will direct the Court to the previous statements.

(2) The need to the sentence imposed

      A. To reflect the seriousness of the offense

      B. To promote respect for the law

      C. To provide just punishment for the offense

A sentence of supervision, without the imposition of a custodial sentence, below the advisory Guideline Range consistent with the plea agreement  will still reflect the seriousness of this offense; promote respect for the law; and provide just punishment. A sentence of supervision is a significant sentence and is sufficient but not greater than necessary to comply with the statutory purposes of sentencing that is set forth at 18 U.S.C. Section 3553(a).

Jennifer pled guilty pursuant to a plea agreement with the government, thus accepting responsibility for her actions. A supervision sentence for a first time felony conviction accounts for the nature and circumstances of the offense as well

7

as her acceptance of responsibility.  Felony supervision would promote respect for

the law, afford adequate deterrence, and provide for the just punishment of this

offense.

> D. To afford adequate deterrence to criminal conduct

> E.  To protect the public from further crimes of the defendant

It is difficult to imagine that living with a federal felony criminal conviction,

being supervised by U.S. Probation during the term of her supervision, and being

occupationally and financially handicapped for the rest of her life, that Jennifer

would not be deterred by the overwhelming gravity of the totality of the

circumstances. Furthermore, the inevitable negative ramifications for her conduct

and the stigma associated with this felony conviction will adequately accomplish

the purposes of sentencing while adequately deterring both Jennifer and the general

public from committing similar offenses.  A sentence below the advisory Guideline

Range consistent with the stipulations of the plea will also satisfy the need to avoid

unwarranted sentence disparities among defendants with similar criminal records

who have been found guilty of similar criminal conduct and would be consistent

with the sentences received by defendants that are similarly situated to Jennifer.

## Conclusion

Above and beyond the Sentencing Guidelines always is the overarching

principle of parsimony-the Congressional directive that the courts impose a

sentence sufficient but not greater than necessary to comply with the purposes set

forth in 18 U.S.C. Section 3553(a).  Jennifer's crime is serious, but Jennifer has

lived a difficult life and will have to work hard to overcome significant challenges

while dealing with limited financial resources and limited opportunities.

Regardless of the sentence This Court imposes, Jennifer's life will never be the

same as she lives under the shadow of the stigma of this federal felony conviction.

Jennifer accepts the need for This Court to punish her, but implores the Court to

sentence her to a sentence below the Guideline Range of incarceration to a sentence

of supervision, instead of actual incarceration. Further, This Court has found

Jennifer to be indigent.  Due to her indigency, she requests that This Court to not

impose a fine.

Respectfully submitted, this the 8th day of May, 2025.

/s/Tony E. Rollman
Tony E. Rollman
Attorney for Defendant

Certificate of Service:
I hereby certify that on May 8, 2025 I electronically transmitted the
foregoing to the Clerk of the Court for the District of Arizona via the
CM/ECF system for filing and emailed a copy to the U.S. Attorney's office.

/s/Tony E. Rollman

9