☒ FILED    ☐ LODGED

**May 13 2025**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

1   GARY M. RESTAINO
    United States Attorney
2   District of Arizona

☐ FILED    ☒ LODGED

**Mar 04 2025**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

3   SHEILA PHILLIPS
    Assistant U.S. Attorney
4   Michigan Bar No. P51656
    Two Renaissance Square
5   40 N. Central Ave., Suite 1800
    Phoenix, Arizona  85004
6   Telephone: 602-514-7500
    Email: Sheila.Phillips2@usdoj.gov
7   Attorneys for Plaintiff

8               IN THE UNITED STATES DISTRICT COURT

9                    FOR THE DISTRICT OF ARIZONA

10  United States of America,                No. CR-24-01613-PHX-DJH (ABS)

11                    Plaintiff,

12                                           **PLEA AGREEMENT**
        vs.
13

14  Jennifer Tavares,

15                    Defendant.

16

17          Plaintiff, United States of America, and the defendant, JENNIFER TAVARES,

18  hereby agree to resolve this matter on the following terms and conditions:

19  **1.    PLEA**

20          The defendant will plead guilty to Count 1 of the indictment charging the defendant

21  with a violation of 18 United States Code (U.S.C.) § 924(a)(1)(A), False Statement During

22  the Purchase of a Firearm, a Class D felony offense.

23  **2.    MAXIMUM PENALTIES**

24          a.    A violation of 18 U.S.C. § 924(a)(1)(A) is punishable by a maximum fine of

25  $250,000.00, a maximum term of imprisonment of five years, or both, and a term of

26  supervised release of up to three years.  A maximum term of probation is five years,

27  including a minimum term of one year if probation is imposed.

28

b.      According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)      make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)      pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)      serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)      pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.      The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3.      **AGREEMENTS REGARDING SENTENCING**

a.      Stipulation: Sentencing Cap.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence shall not exceed the low end of the applicable sentencing range as calculated under U.S.S.G. § 1B1.1(a).  This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b).  Nothing in this agreement shall preclude the defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

b.      Non-Binding Recommendations.      The defendant understands that recommendations are not binding on the Court. The defendant further understands that the

1  defendant will not be permitted to withdraw the guilty plea if the Court does not follow a
2  recommendation.

3       c.   Assets and Financial Responsibility.   The defendant shall make a full
4  accounting of all assets in which the defendant has any legal or equitable interest. The
5  defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or
6  transfer any such assets or property before sentencing, without the prior approval of the
7  United States (provided, however, that no prior approval will be required for routine, day-
8  to-day expenditures). The defendant also expressly authorizes the United States Attorney's
9  Office to immediately obtain a credit report as to the defendant in order to evaluate the
10  defendant's ability to satisfy any financial obligation imposed by the Court. The defendant
11  also shall make full disclosure of all current and projected assets to the U.S. Probation
12  Office immediately and prior to the termination of the defendant's supervised release or
13  probation, such disclosures to be shared with the U.S. Attorney's Office, including the
14  Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the
15  Inmate Financial Responsibility Program to fulfill all financial obligations due and owing
16  under this agreement and the law.

17       d.   Acceptance of Responsibility.   If the defendant makes full and complete
18  disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's
19  commission of the offense, and if the defendant demonstrates an acceptance of
20  responsibility for this offense up to and including the time of sentencing, the United States
21  will recommend a two-level reduction in the applicable Sentencing Guidelines offense
22  level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more,
23  the United States will move the Court for an additional one-level reduction in the applicable
24  Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

25  **4.   AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

26       a.   Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss
27  Count 2 at the time of sentencing.

28

1       b.    This agreement does not, in any manner, restrict the actions of the United

2  States in any other district or bind any other United States Attorney's Office.

3  **5.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

4       a.    If the Court, after reviewing this plea agreement, concludes that any

5  provision contained herein is inappropriate, it may reject the plea agreement and give the

6  defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

7  11(c)(5).

8       b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn,

9  vacated, or reversed at any time, this agreement shall be null and void, the United States

10  shall be free to prosecute the defendant for all crimes of which it then has knowledge and

11  any charges that have been dismissed because of this plea agreement shall automatically

12  be reinstated. In such event, the defendant waives any and all objections, motions, and

13  defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

14  restrictions in bringing later charges or proceedings. The defendant understands that any

15  statements made at the time of the defendant's change of plea or sentencing may be used

16  against the defendant in any subsequent hearing, trial, or proceeding subject to the

17  limitations of Fed. R. Evid. 410.

18  **6.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

19      The defendant waives (1) any and all motions, defenses, probable cause

20  determinations, and objections that the defendant could assert to the indictment or

21  information; and (2) any right to file an appeal, any collateral attack, and any other writ or

22  motion that challenges the conviction, an order of restitution or forfeiture, the entry of

23  judgment against the defendant, or any aspect of the defendant's sentence, including the

24  manner in which the sentence is determined, including but not limited to any appeals under

25  18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255

26  (habeas petitions), and any right to file a motion for modification of sentence, including

27  under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under

28  18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall

1   result in the dismissal of any appeal, collateral attack, or other motion the defendant might

2   file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

3   This waiver shall not be construed to bar an otherwise-preserved claim of ineffective

4   assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section

5   II.B of Ariz. Ethics Op. 15-01 (2015)).

6   **7.    DISCLOSURE OF INFORMATION**

7           a.    The United States retains the unrestricted right to provide information and

8   make any and all statements it deems appropriate to the U.S. Probation Office and to the

9   Court in connection with the case.

10          b.    Any information, statements, documents, and evidence that the defendant

11  provides to the United States pursuant to this agreement may be used against the defendant

12  at any time.

13          c.    The defendant shall cooperate fully with the U.S. Probation Office. Such

14  cooperation shall include providing complete and truthful responses to questions posed by

15  the U.S. Probation Office including, but not limited to, questions relating to:

16                  (1)    criminal convictions, history of drug abuse, and mental illness; and

17                  (2)    financial information, including present financial assets or liabilities

18  that relate to the ability of the defendant to pay a fine or restitution.

19  **8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

20          a.    Nothing in this agreement shall be construed to protect the defendant from

21  administrative or civil forfeiture proceedings or prohibit the United States from proceeding

22  with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all

23  monetary penalties, including restitution imposed by the Court, shall be due immediately

24  upon judgment, shall be subject to immediate enforcement by the United States, and shall

25  be submitted to the Treasury Offset Program so that any federal payment or transfer of

26  returned property the defendant receives may be offset and applied to federal debts (which

27  offset will not affect the periodic payment schedule). If the Court imposes a schedule of

28  payments, the schedule of payments shall be merely a schedule of minimum payments and

---

1    ATF Form 4473 to AV AZ Firearms. Upon completion of the transaction,
2    Defendant JENNIFER TAVARES was paid for lying on the ATF Form 4473 and
3    the actual purchaser or his representative picked up the firearm from AV AZ
4    Firearms.

5    b.    The defendant shall swear under oath to the accuracy of this statement and,
6    if the defendant should be called upon to testify about this matter in the future, any
7    intentional material inconsistencies in the defendant's testimony may subject the defendant
8    to additional penalties for perjury or false swearing, which may be enforced by the United
9    States under this agreement.

10   **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

11   I have read the entire plea agreement with the assistance of my attorney. I
12   understand each of its provisions and I voluntarily agree to it.

13   I have discussed the case and my constitutional and other rights with my attorney.
14   I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,
15   to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to
16   present evidence in my defense, to remain silent and refuse to be a witness against myself
17   by asserting my privilege against self-incrimination, all with the assistance of counsel, and
18   to be presumed innocent until proven guilty beyond a reasonable doubt.

19   I agree to enter my guilty plea as indicated above on the terms and conditions set
20   forth in this agreement.

21   I have been advised by my attorney of the nature of the charges to which I am
22   entering my guilty plea. I have further been advised by my attorney of the nature and range
23   of the possible sentence and that my ultimate sentence shall be determined by the Court
24   after consideration of the advisory Sentencing Guidelines.

25   My guilty plea is not the result of force, threats, assurances, or promises, other than
26   the promises contained in this agreement. I voluntarily agree to the provisions of this
27   agreement and I agree to be bound according to its provisions.

28

1    I understand that if I am granted probation or placed on supervised release by the

2    Court, the terms and conditions of such probation/supervised release are subject to

3    modification at any time. I further understand that if I violate any of the conditions of my

4    probation/supervised release, my probation/supervised release may be revoked and upon

5    such revocation, notwithstanding any other provision of this agreement, I may be required

6    to serve a term of imprisonment or my sentence otherwise may be altered.

7    This written plea agreement, and any written addenda filed as attachments to this

8    plea agreement, contain all the terms and conditions of the plea.  Any additional

9    agreements, if any such agreements exist, shall be recorded in a separate document and

10   may be filed with the Court under seal; accordingly, additional agreements, if any, may not

11   be in the public record.

12   I further agree that promises, including any predictions as to the Sentencing

13   Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

14   (including my attorney) that are not contained within this written plea agreement, are null

15   and void and have no force and effect.

16   I am satisfied that my defense attorney has represented me in a competent manner.

17   I fully understand the terms and conditions of this plea agreement.  I am not now

18   using or under the influence of any drug, medication, liquor, or other intoxicant or

19   depressant that would impair my ability to fully understand the terms and conditions of this

20   plea agreement.

21

22   01/31/2025
     Date                          JENNIFER TAVARES
23                                 Defendant

24   **APPROVAL OF DEFENSE COUNSEL**

25   I have discussed this case and the plea agreement with my client in detail and have

26   advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

27   constitutional and other rights of an accused, the factual basis for and the nature of the

28   offense to which the guilty plea will be entered, possible defenses, and the consequences

- 8 -

of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

2/1/2025
Date

TONY ROLLMAN
Attorney for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

1/12/2025

Date

Digitally signed by SHEILA PHILLIPS
Date: 2025.01.12 20:56:02 -07'00'

SHEILA PHILLIPS
Assistant U.S. Attorney

## ACCEPTANCE BY THE COURT

May 13, 2025
Date

HONORABLE DIANE J. HUMETEWA
United States District Judge

- 9 -